### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTHA BRIANS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. ____16-CV-418-SPS____ ) |
| INDEPENDENT SCHOOL DISTRICT NO. 20 d/b/a MUSKOGEE PUBLIC SCHOOLS, | ) ) ) ) |
| Defendant. | ) **JURY TRIAL DEMANDED** ) **ATTORNEY'S LIEN CLAIMED** |

### COMPLAINT

Plaintiff Martha Brians ("Plaintiff"), for her cause of action against Defendant Muskogee Public Schools, ("Defendant"), an Oklahoma Public School District, alleges and states:

### THE PARTIES

1. Martha Brians is a female, and has been employed by the Muskogee School District ("District") from September 16th 1991 and is still presently employed by the District. Plaintiff is and has been a resident of the Eastern District of Oklahoma at all relevant times.

2. Defendant is an Oklahoma constitutional state agency that has its headquarters located within the Eastern District of Oklahoma.

### JURISDICTION AND VENUE

3. This court has original subject matter jurisdiction over all of Plaintiff's claims pursuant to 28 U.S.C. § 1331 because all of the claims arise under federal law. The court also has personal jurisdiction over the Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as Plaintiff's various causes of action arose in this judicial district.

### FACT ALLEGATIONS

5.     Plaintiff began working for Muskogee Public Schools ("Defendant") on or about September 16th, 1991.

6.     Plaintiff has been an honest, loyal, and productive employee of the Defendant for 25 years.

7.     The Defendant originally hired Plaintiff as a teacher's assistant in 1991, however, after many years of exemplary service Plaintiff worked her way up to "Human Resources Officer".

8.     In total, the Defendant employs seven "directors" with various, yet equal, responsibilities and duties.

9.     Of the seven "Directors," there were five males and two females, of which only one was academically certified.

10.    In regard to the "Directors," the Defendant implements a two-schedule system used in calculating and distributing salaries.

11.    Between the two schedules, the "support schedule" has a base salary of $21,000, and the "certified schedule" has a base salary of $42,000.

12.    Additionally, the Defendant also supplements the salary schedule with an index system, which is added to an employee's base salary, and is influenced by an employee's superior education, qualifications, and/or excess responsibilities.

13.    The seven "Directors," who shared equal responsibility, were divided in a way where all five male "Directors" fell under the certified pay schedule and the two female "Directors," including the Plaintiff, fell under the support schedule.

14.    Furthermore, of the five male directors, only one was certified, despite four other uncertified males being listed under the certified pay schedule.

15.  On or about November 7th, 2014, the Plaintiff met with Assistant Superintendent of Personnel and Support Services ("Jim Wilson"), in order to discuss a salary raise, which would have brought the Plaintiff's salary up to her male counterparts.

16.  Shortly after Plaintiff challenged the salary discrepancy between male and female "Directors," Plaintiff was told by Jim Wilson that she would never be a "Director;" Plaintiff was also told that the salary index was being disbanded.

17.  To date, Plaintiff continues to make significantly less than her fellow male employees, whom, by all accounts share equal responsibilities and duties as the Plaintiff.

18.  Plaintiff has also experienced hostile treatment within the workplace, which began shortly after her November meeting with Jim Wilson, where Plaintiff voiced her concerns over salary discrepancies between the male and female "Directors".

**FIRST CAUSE OF ACTION-DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

19.  Plaintiff incorporates by reference Paragraphs 1 through 18 as though set forth in full herein.

20.  Plaintiff is in the protected classifications of Title VII of the Civil Rights Act of 1964, as amended, as a female.

21.  By reason of Plaintiff's education, experience and job knowledge, Plaintiff at all times was qualified to perform the job duties and responsibilities of the position of Human Resources Director.

22.  Plaintiff's gender was a motivating and significant factor in Defendant's decision to pay the female Plaintiff significantly less than her male peers, and Plaintiff was purposely harassed for raising concerns over the salary discrepancy to Assistant Superintendent of Support and Personnel, Jim Wilson.

23. As a direct and proximate result of Defendant's discriminatory treatment and actions of Plaintiff as hereinabove alleged in violation of the Equal Employment and Opportunities Act, Plaintiff has suffered, and is now suffering, and will continue to suffer, irreparable injury and economic loss, and Plaintiff seeks all of the relief afforded by the Equal Employment and Opportunities Act.

24. Defendant was, and is, an employer within the meaning of § 2000e(b) of the Equal Employment and Opportunities Act (42 U.S.C. § 2000-e(b)) in that it did and now does employ more than 15 persons.

25. Defendant's violation of the Equal Employment and Opportunities Act was wilful.

26. Defendant has no legitimate, good faith reason for causing Plaintiff to receive a lower salary than her male peers or for stripping Plaintiff of her title as "Director", and its purported reasons that Plaintiff's salary was lower and her title were stripped are pre-textual and a sham.

27. Plaintiff has complied with all of the administrative requirements prior to filing this action and this action has been filed within ninety (90) days from the issuance of the Equal Employment Opportunity Commission's Dismissal and Notice of Suit Rights.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1) That Defendant be ordered to make Plaintiff whole by providing back pay and any other remedy authorized by 42 U.S.C. § 2000(e)-5(g) and/or any other relevant statute;

(2) That Defendant be ordered to pay Plaintiff compensatory damages pursuant to 42 U.S.C. § 1981(a), in an amount to be determined by the

    jury at the time of trial;

(3) That Defendant be ordered to pay Plaintiff costs including witness fees and a reasonable attorneys' fee pursuant to 42 U.S.C. § 2000(e)-5(k); and

(4) For such other and further make-whole relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION-RETALIATION**
**IN VIOLATION OF TITLE VII**

28. Plaintiff incorporates by reference herein paragraphs 1-18 as though set forth in full.

29. Plaintiff engaged in a protected activity by complaining to Defendant that she was being discriminated against on the basis of gender. Plaintiff made an informal complaint in this regard November 2014 and then made formal complaints by filing Charges of Discrimination with the U.S. EEOC in 2015.

30. Plaintiff was subjected to materially adverse employment actions subsequent to her complaints in that Defendant stripped Plaintiff of her title as "Director", although she had continuously performed her duties and responsibilities in a professional manner. Plaintiff was also subjected to the material adverse action because she complained of unlawful sex discrimination.

31. Defendant's stated reasons for the materially adverse employment actions are pretextual and not worthy of belief.

32. As a direct and proximate result of Defendant's retaliation against Plaintiff, Plaintiff has suffered economic loss, mental anguish, and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to her professional

reputation, and loss of enjoyment of life, all of her damages in a sum excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(a) That Defendant be ordered to make Plaintiff whole by providing all the remedies and relief authorized by 42 U.S.C. § 2000(e);

(b) That Defendant be ordered to pay Plaintiff economic and compensatory damages pursuant to Title VII in an amount to be determined by the jury at the time of trial.

(c) That Defendant be ordered to pay Plaintiff costs and a reasonable attorney fee;

(d) That Defendant be ordered to pay pre- and post-judgment interest;

(e) For such other and further relief as the Court deems just and proper, including reinstatement or front pay in lieu of reinstatement.

### THIRD CAUSE OF ACTION-EQUAL PAY ACT VIOLATION

33. Plaintiff incorporates by reference herein paragraphs 1-18 as thought set forth in full.

34. At all relevant times, Defendant paid to Plaintiff less in salary, wages benefits, and salary increases than it paid to its male "Directors", who performed the same or substantially equal duties and responsibilities as did Plaintiff, in the same or substantially equal working conditions.

35. The work performed by Plaintiff required equal skill, effort and responsibility of her male colleagues who were paid more in salary, wages, and benefits, and salary

increases.

36. The difference in the rate of pay to Plaintiff and her male colleagues who were similarly situated was not a part of, and was not occasioned by, any seniority, merit, or other non-discriminatory factors, but was based solely on the factor of sex.

37. As a direct result of Defendant's unlawful violation of the provisions of the Equal Pay Act, Plaintiff has been damaged and seeks all the remedies provided by that Act to make her whole and to compensate her for all her losses, including but not limited to, the recovery of wages equal to the difference between Plaintiff's pay and benefits and the pay and benefits of Defendant's male "Directors" who performed the same or substantially equal work as Plaintiff, and for liquidated damages in an amount equal to the amount awarded as damages.

38. Plaintiff further seeks an award of attorney fees as provided by the Equal Pay Act.

WHEREFORE, Plaintiff demands and prays against Defendant as follows:

(1) For all relief allowed by the Equal Pay Act and supported by the facts as developed at trial, including the recovery of wages equal to the difference between Plaintiff's pay and benefits and the pay and benefits of Defendant's male "Directors" who performed the same or substantially equal work as Plaintiff, and for liquidated damages in an amount equal to the amount awarded as damages;

(2) For her costs;

(3) For a reasonable attorney's fee;

(4) For pre-judgment and post-judgment interest; and

(5)   For such other and further relief as the Court deems just, proper and consistent with Plaintiff's claim under the Equal Pay Act.

Dated this 4th day of October, 2016.

WARD & GLASS, L.L.P.

/s/ Bryan B. Young
_____
Stanley M. Ward, OBA #9351
Woodrow K. Glass, OBA #15690
Bryan B. Young, OBA #31434
R. Ben Houston, OBA #14751
Barrett T. Bowers, OBA #30493
1601 36th Ave NW
Norman, Oklahoma 73072
(405) 360-9700
(405) 360-7902 (fax)
ATTORNEYS FOR PLAINTIFF